**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Renee M. Zinni and Marco S. D'Alonzo, | No. CV 11-02143-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Jackson White PC et al., | |
| Defendants. | |

We have before us plaintiffs' motion to set aside/cancel trustee's sale (doc. 24) and defendants' response (doc. 26). Plaintiffs allege that defendants were not properly appointed as trustees and therefore have no authority to conduct a trustee's sale. They also allege that the opening bid is a grossly inadequate price. We previously denied plaintiffs' motion for preliminary injunction (doc. 22). If plaintiffs' motion is construed as a motion for reconsideration, it falls short of the standards of Rule 60(b), Fed. R. Civ. P. and LRCiv 7.2(g). If viewed only as a motion to set aside the sale based on price, it is premature.

Plaintiffs contend that defendants had not been assigned power of attorney on the plaintiffs' property, but the record discloses that defendant Scott L. Potter possesses a special power of attorney from M&I Marshall & Ilsley Bank to conduct non-judicial trustee's foreclosure sales on the bank's behalf. (Doc. 26, ex. A). This document also grants him the right to execute a notice of substitution of trustee. His appointment as successor trustee was therefore not fraudulent.

1     "[A] sale of real property under power of sale in a deed of trust may be set aside solely on the basis that the bid price was *grossly* inadequate." In re Krohn, 203 Ariz. 205, 214, 52 P.3d 774, 783 (2002). "[T]he debtor will have the burden of showing gross inadequacy as compared to fair market value . . . ." Id. at 211, 52 P.3d at 780. Plaintiffs allege that they have invested approximately $356,000 in construction costs and mortgage payments (doc. 24 at 6). They purchased their house on April 22, 2005 for $350,000 (doc. 1 ¶ 7). They contend their house is now worth "at least $650,000.00."

    Plaintiffs ignore the fact that $94,740.00 is the opening bid. The house may sell for well over this amount. In addition, Krohn dealt with setting aside a trustee's sale after it occurred, not precluding one based on a potentially low price, and does not provide authority for us to cancel the sale.

    **IT IS HEREBY ORDERED DENYING** plaintiffs' motion to set aside or cancel the trustee's sale (doc. 24).

    DATED this 4th day of January, 2012.

    */s/ Frederick J. Martone*
    Frederick J. Martone
    United States District Judge