**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee M. Zinni and Marco S. D'Alonzo, | No. CV 11-02143-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Jackson White, P.C.; James L. Tanner; Scott L. Potter; Aaron M. Finter; Anthony H. Misseldine; John Does 1-10; ABC Entities 1-10, | |
| Defendants. | |

We have before us defendants' motion to dismiss (doc. 28), plaintiffs' response and notice of plaintiffs' motion for leave to amend complaint (doc. 29), plaintiffs' supplement to opposition to motion (doc. 30), plaintiffs' motion for leave to amend (doc. 31), defendants' reply in support of motion to dismiss (doc. 32), defendants' response to motion for leave to amend (doc. 33), and plaintiffs' reply (doc. 35).

**I**

Plaintiffs failed to comply with LRCiv 15.1, which requires a party who moves for leave to amend a pleading to "attach a copy of the proposed amended pleading as an exhibit to the motion [and] indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." Plaintiffs' proposed amended complaint contains no indication of how it differs from their

1  original complaint. Their reply completely fails to address this problem or the arguments
2  against amendment in defendants' response.
3        The court should freely grant leave to amend under Rule 15, Fed. R. Civ. P. Leave
4  to amend may be denied, though, if the proposed amendment is futile or the amended
5  complaint would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir.
6  1991). Granting or denying leave to amend is within the discretion of the trial court.
7  Swanson v. U.S. Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).
8        As far as the court can tell, the amended complaint adds a claim for aiding and
9  abetting and adds facts about the recent trustee's sale. The predicate of an aiding and abetting
10 claim is "harm resulting to a third person from the tortious conduct of another." Restatement
11 (Second) of Torts § 876 (1979); see also Wells Fargo Bank v. Ariz. Laborers, Teamsters &
12 Cement Masons Local No. 395 Pension Trust Fund, 201 Ariz. 474, 485, 38 P.3d 12, 23
13 (recognizing § 876(b) as the standard in Arizona).
14       Plaintiffs claim that defendants are liable for aiding and abetting M&I Marshall &
15 Ilsley Bank in the wrongful foreclosure of their home and making misrepresentations. But
16 in Zinni v. M&I Marshall & Ilsley Bank, No. CV-09-2035-PHX-FJM, 2011 WL 1792552
17 (D. Ariz. May 11, 2011), we granted summary judgment in favor of M&I Marshall & Ilsley
18 Bank and against plaintiffs on all claims. Because no principal tortfeasor exists, defendants
19 cannot be liable for aiding and abetting. Accordingly, an amendment to the complaint to add
20 this cause of action would be futile and subject to dismissal.

21                                    **II**

22       Defendants move for dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P. If a
23 complaint does not state a plausible claim for relief on its face, it cannot survive a Rule
24 12(b)(6) motion to dismiss. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1950 (2009).
25 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court
26 to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.
27 at 1949. "[A] forumulaic recitation of the elements of a cause of action will not do." Bell
28 Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). When ruling on

1  a motion to dismiss, this court must accept a plaintiff's factual allegations and reasonable
2  inferences as true, but is "not bound to accept as true a legal conclusion couched as a factual
3  allegation." Id. (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944
4  (1986)). Dismissal under Rule 12(b)(6) may be "based on the lack of a cognizable legal
5  theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri
6  v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## III

Count one of plaintiffs' complaint alleges a violation of the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA prevents abusive practices by a "debt collector," defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

"[A] non-judicial foreclosure proceeding is not the collection of a 'debt' for purposes of the FDCPA." Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). Moreover, "mortgagees and their assignees, servicing companies, and trustee fiduciaries are not included in the definition of 'debt collector.'" Id.; see also Narramore v. HSBC Bank USA, N.A., 2010 WL 2732815, at *10-12 (D. Ariz. July 7, 2010) (same); Earl v. Wachovia Mortgage FSB, 2010 WL 2336191, at *5 (D. Ariz. June 10, 2010) (same). Because a foreclosure trustee is not a debt collector and a non-judicial foreclosure is not the collection of a debt, plaintiffs' FDCPA claim must be dismissed.

## VI

Plaintiffs' second claim is for violation of A.R.S. §§ 33-420 and 33-801 et seq. They contend that the notice of trustee's sale recorded on August 17, 2009 was invalid. Plaintiffs' complaint requested a preliminary injunction and temporary restraining order cancelling the trustee's sale. They later filed a motion for preliminary injunction (doc. 14) which we denied

1  (doc. 22). We also denied a motion to set aside/cancel trustee's sale (doc. 24), disagreeing
2  with some of the same arguments here about fraudulent and improper recording and improper
3  substitution of trustee. (Doc. 27). There is no showing that the notice of trustee's sale
4  recorded August 17, 2009 was false. Plaintiffs' claim regarding a false notice of sale is
5  groundless.

**V**

7  The third claim alleges tortious interference. To state a claim for relief, plaintiffs must
8  show intentional interference inducing or causing a breach of a contract between plaintiffs
9  and a third party. Snow v. Western Sav. & Loan Ass'n, 152 Ariz. 27, 33, 730 P.2d 204, 211
10 (1986). The purported facts to support this element consist of the recording of a false notice
11 of sale and evicting plaintiffs. As discussed above, there is no evidence that the notice of
12 sale was false. There is also no evidence that defendants wrongfully evicted plaintiffs or sent
13 workers to change locks and drain the pool. The police report from the incident says the
14 workers were sent by the bank. (Doc. 1, ex. P). Plaintiffs' contention that the workers were
15 sent by defendants is contradicted by the evidence submitted here as well as the allegations
16 made in their prior action against the bank. Complaint ¶ 61, Zinni v. M&I Marshall & Ilsley
17 Bank, No. CV-09-2035-PHX-FJM.

**VI**

19 Count four, abuse of process, is similarly unavailing. "The essential elements of the
20 tort of abuse of process are an ulterior purpose and a wilful act in the use of judicial process
21 not proper in the regular conduct of the proceeding." Bird v. Rothman, 128 Ariz. 599, 602,
22 627 P.2d 1097, 1100 (Ct. App. 1981). Filing a counterclaim to judicially foreclose a lien that
23 is in default is not abuse of process.

**VII**

25 Count five alleges negligent and intentional infliction of emotional distress. To
26 prevail on a claim for intentional infliction of emotional distress, the conduct complained of
27 must be "extreme and outrageous." Watts v. Golden Age Nursing Home, 127 Ariz. 255, 258,
28 619 P.2d 1032, 1035 (1980). Liability only attaches to conduct "so outrageous in character,

- 4 -

1 and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded
2 as atrocious, and utterly intolerable in a civilized community." Id. (quoting Restatement
3 (Second) of Torts § 46 cmt. d (1965)). On a motion to dismiss, we may determine whether
4 the alleged actions rise to this level. Cervantes, 656 F.3d at 1046. Once again, plaintiffs
5 were in default on their loan and the foreclosure was not wrongful or false. Defendants did
6 not act in such an extreme and outrageous manner as to warrant a finding of liability here.

7      A claim for negligent infliction of emotional distress requires the plaintiff to witness
8 an injury to a closely related person, suffer mental anguish manifested as physical injury, and
9 be within the zone of danger so as to be subject to an unreasonable risk of bodily harm.
10 Pierce v. Casas Adobes Baptist Church, 162 Ariz. 269, 272, 782 P.2d 1162, 1165 (Ariz.
11 1989). Plaintiffs do not allege any injury to a closely related person has resulted from
12 defendants' conduct, therefore they fail to state a claim.

### VIII

14      In count six, plaintiffs contend that defendants are liable for libel for making written
15 statements that plaintiffs failed to pay. But plaintiffs did fail to make all payments.
16 Therefore, any statement that they failed to pay their loan is not false. Without a false
17 statement, there can be no claim for libel. See Godbehere v. Phoenix Newspapers, Inc., 162
18 Ariz. 335, 341, 783 P.2d 781, 787 (1989) ("To be defamatory, a publication must be false .
19 . . .").

### IX

21      Plaintiffs' last claim is for violation of the Arizona Consumer Fraud Act, A.R.S. § 44-
22 1521 et seq. This claim rests on the same allegations as the claims above and is unsuccessful
23 for the reasons already discussed. There is no evidence that defendants were responsible for
24 the presence of workers at plaintiffs' house, the notice of sale was not false, and the plaintiffs
25 were in default.

### X

27      Defendants request attorneys' fees pursuant to A.R.S. §§ 12-349, 12-341.01, or 33-
28 807(E). Any request for fees should be made pursuant to a separate motion which complies

1    with LRCiv 54.2.

**XI**

**IT IS ORDERED DENYING** plaintiffs' motion for leave to amend (doc. 31).

**IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 28).

DATED this 14th day of March, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge